**Miss Thais HARRIS, Plaintiff-Appellant,**

v.

**CITY OF HOUSTON, TEXAS, Defendant-Appellee.**

**No. 72-3279**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 28, 1973.

Rehearing Denied April 27, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

**284**

---

Thais Harris, pro se.

Joseph G. Rollins, Sr. Asst. City Atty., Houston, Tex., for defendant-appellee.

Before BELL, GODBOLD and IN-GRAHAM, Circuit Judges.

PER CURIAM:

In 1970, appellant filed a petition removing two Houston municipal ordinance violation charges to the federal district court under the authority of 28 U.S.C.A. § 1443. The charges arose out of appellant having more than three dogs on her premises, and also in failing to have a kennel license. As background, she contended and now contends that the charges were filed as part of a conspiracy against her by her neighbors and city officials because of her half Greek ancestry and because her neighbors are of German and British descent. The district court denied removal in 1970.

This appeal is from the denial of the motion of appellant, filed in 1972, praying that the district court order dismissal of the ordinance violation charges.

We construe the denial in 1970 as tantamount to remanding the ordinance violation cases and thus there was no jurisdiction in the district court to consider appellant's motion, filed in 1972, to dismiss the same charges which were still pending in the Municipal Court of the City of Houston.

Out of an abundance of caution, however, we consider the 1972 proceedings as an additional removal petition. See 28 U.S.C.A. § 1446(c). So considered, remand was again due for the reason that, as in the 1970 removal, there was no showing whatever of the violation of a right which rests on a federal law providing for equal civil rights stated in terms of racial or national origin equality. Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

Appellant has proceeded pro se and we add the additional statement for clarity: She is not entitled under any known authority to remove the municipal charges in question to the federal court.

Affirmed.